USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 8/21/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

PMX AGENCY LLC,

                Plaintiff,

    -against-

BLACKSTREET CAPITAL HOLDINGS, LLC et al,

                Defendants.

------------------------------------------------------------- x

1:16-cv-03849 (ALC)

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff PMX Agency LLC ("PMX Agency") as successor to Paradyz, Inc. brings this action against Defendants Blackstreet Capital Holdings, LLC ("Blackstreet"); Premier Care Holdings, Inc.; Premier Care, LLC; Premier Baths, Inc.; and individual Defendants Justin Cooper, Lawrence Bregel, Jonathan Tipton, and Lawrence Berger. All of the Defendants have moved to dismiss based on lack of subject matter jurisdiction and lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(2), and in the case of Defendants Cooper and Bregel, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The Court will focus on the question of subject matter jurisdiction.

## GOVERNING LAW

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). One of the principal bases of jurisdiction is diversity jurisdiction, which exists over all civil actions rooted in state law where the amount in controversy exceeds $75,000, exclusive of interests and costs, and the action is one between citizens of different states. 28 U.S.C. § 1332(a); *see Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565

1

F.3d 56, 63 (2d Cir. 2009). To establish diversity jurisdiction, "there must be complete diversity among all parties; that is, no plaintiff and no defendant may be citizens of the same state." *Airlines Reporting Corp. v. S & N Travel*, 58 F.3d 857, 861 (2d Cir. 1995) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). For diversity purposes, a limited liability company "takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt., LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000).

The plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The nature of plaintiff's burden depends on the procedural posture, and prior to discovery, a plaintiff may defeat a jurisdictional challenge by pleading in good faith legally sufficient allegations of jurisdiction. *Ayyash v. Bank Al-Madina*, No. 04 Civ. 9201(GEL), 2006 WL 587342, at *3-4 (citing *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)).

## DISCUSSION

PMX Agency argues that it has alleged complete diversity of citizenship. However, PMX Agency has failed to allege the citizenship of the members of Blackstreet, which is a limited liability company. *See New Millennium Capital Partners, III, LLC v. Juniper Grp. Inc.*, No. 10 Civ. 46 (PKC), 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010) ("A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company."); *Aleph Towers, LLC v. Ambit Texas, LLC*, No. 12-cv-3488, 2013 WL 4517278, at *3 (E.D.N.Y. Aug 23,

2013) ("Since a limited liability company is deemed to have the citizenship of each of its members, a complaint must allege the citizenship of each member." (internal citation omitted)). The absence of such allegations regarding the members of Blackstreet makes PMX Agency's Amended Complaint deficient. *See Carter v. HealthPort Technologies*, 822 F.3d 47, 60 (2d Cir. 2016). In cases where the complaint is deficient, courts generally give plaintiffs an opportunity to amend the complaint or file affidavits to establish the existence of subject matter jurisdiction. *See, e.g., Avant Capital Partners, LLC v. W108 Development LLC*, 16 Civ. 3359, 2016 WL 3660756 at *2 (S.D.N.Y. June 30, 2006) ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.") (citing 28 U.S.C. § 1653); *In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 257 F. Supp. 2d 717, 727 (S.D.N.Y. 2003) (observing that defective pleading of diversity jurisdiction would not warrant dismissal of the complaint since by statute defective allegations of jurisdiction may be amended).

However, all Defendants have disputed the existence of complete diversity. Diversity is determined at the time when the suit is commenced. *See Maryland Cas. Co. v. W.R. Grace and Co.*, 23 F.3d 617, 622 (2d Cir. 1993). Paradysz, who initiated the suit (see Compl. ¶ 1), is a New York corporation with a principal place of business in New York and thus a citizen of New York. Blackstreet has submitted a declaration by its CEO declaring that two of its members "are natural persons who are domiciled in the State of New York," one of whom is "domiciled in Rye, New York" and the other in "Pittsfield, New York," at the time of suit.[1] Gunty Decl. ¶ 3. Despite having the burden on the issue and failing to allege the citizenship of any of Blackstreet's members, PMX Agency contends that this showing, which did not even provide the names of the

---

[1] As a note, courts may consider affidavits and other materials beyond the pleadings to resolve the issue of subject matter jurisdiction but may not rely on conclusory or hearsay statements contained in the affidavits. *J.S. ex rel. N.S. v. Attica Central Schools*, 386 F.3d 107, 110 (2d Cir. 2004).

members, was inadequate to call the Court's subject matter jurisdiction in question. Pl. Opp'n at 14. In response, Blackstreet submitted another declaration from Lawrence Berger providing, *inter alia*, the name, address, and occupation of the member in Rye, New York. Berger Decl. ¶¶ 3-4. In light of these declarations, subject matter jurisdiction is likely lacking.

Nevertheless, PMX Agency argues that it is entitled at minimum to conduct jurisdictional discovery to determine whether there is complete diversity of citizenship and presumably to challenge the accuracy of the declarations Blackstreet has submitted. The decision whether to grant jurisdictional discovery is committed to the sound discretion of the Court. *Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219, 228 (S.D.N.Y. 2013); *Reich v. Lopez*, 38 F. Supp. 3d 436, 459 (S.D.N.Y. 2014). Courts allow jurisdictional discovery "where there has been a threshold showing for some basis to assert jurisdiction, such as facts that would support a colorable claim of jurisdiction." *Mills 2011*, 921 F. Supp. 2d at 228. Because PMX Agency's complaint has inadequately alleged jurisdiction in its Complaint, there is no threshold showing for some basis to assert jurisdiction. *Id.* Furthermore, PMX Agency has not raised any basis to conclude that the declarations by Blackstreet are inaccurate.

Before the Court will consider any jurisdictional discovery, PMX Agency must amend its Complaint to allege a good faith basis for diversity jurisdiction. *Ayyash*, 2006 WL 587342, at *3-4. In addition, PMX Agency must submit a letter brief no longer than three pages, stating the facts underlying its basis for believing it has a colorable claim to diversity jurisdiction and addressing Blackstreet's declarations, and may include additional affidavits or declarations. The Court will allow three weeks from the date of this Order for PMX Agency to amend the complaint and submit the letter. The failure to do so will result in the immediate remand of this matter to the Supreme Court of New York, New York County. The Defendants may submit a

response, also no longer than three pages and no later than a week after PMX Agency's submission, and may include additional affidavits or declarations.

"Customarily, a federal court first resolves any doubts about its jurisdiction over the subject matter of a case before reaching the merits or otherwise disposing of the case." *Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 155 (2d Cir. 1996); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999). Because it is not clear that this Court has subject matter jurisdiction and federal courts generally must decide the jurisdictional question first, the Court will not address at this time Defendant Bregel's and Cooper's motions to dismiss for lack of personal jurisdiction and failure to state a claim and the rest of the Defendants' motion to dismiss for lack of personal jurisdiction. *See Werekoh v. Commissioner of Social Sec.*, No. 12 Civ. 6954, 2013 WL 4407063, at *3 (S.D.N.Y. Aug 19, 2013) ("A court must decide a Rule 12(b)(1) motion before any other motion to dismiss because a court may not act if it lacks jurisdiction."). These motions (ECF No. 58, 60, 63) are denied as moot, without prejudice to renewal in the event that PMX Agency demonstrates that the Court does have subject matter jurisdiction over this action.

**SO ORDERED.**

Dated: **August 21, 2017**
New York, New York

ANDREW L. CARTER, JR.
United States District Judge

5